IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AHAMAD R. ATKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-489-DWD |
| | ) |
| J. PHIL GILBERT, | ) |
| PHILIP M. FRAZIER, | ) |
| JUDITH A. KUENNEKE, | ) |
| RODNEY H. HOLMES, | ) |
| AMANDA A. ROBERTSON, | ) |
| EUGENE O. HOWARD, | ) |
| USA, and | ) |
| STEPHANIE K. RENNEGARBE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Ahamad R. Atkins, a *pro se* individual incarcerated at FCI-Bennettsville, has filed suit against Senior District Judge J. Phil Gilbert, retired Magistrate Judge Philip M. Frazier, Assistant Federal Public Defender Judith A. Kuenneke, Attorney Rodney H. Holmes, Assistant U.S. Attorney Amanda Robertson, Attorney Eugene Howard, the United States of America, and Court Reporter Stephanie K. Rennegarbe for alleged constitutional violations that occurred during his criminal prosecution in 2014 and 2015.

Atkins's complaint is subject to review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints filed against any governmental entity, officer, or employee and to dismiss any claims that are frivolous, malicious, or fail to state a claim. 28 U.S.C. § 1915A(a), (b). The Court also must dismiss any action that seeks

monetary damages from any defendant who is immune. 28 U.S.C. § 1915A(b). When reviewing Plaintiff's *pro se* complaint, the factual allegations must be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## BACKGROUND

In Case No. 14-CR-40061-JPG, Plaintiff Ahamad Atkins pleaded guilty to conspiracy to distribute crack cocaine and heroin. Assistant Federal Public Defender Judith Kuenneke entered an appearance as counsel for Atkins on July 17, 2014, and moved to withdraw on July 18, 2014. (14-CR-40061, Docs. 15, 16)(hereinafter "Crim. Doc."). The motion to withdraw was granted on July 21, 2014, and the Court appointed CJA Panel Attorney Eugene Howard to represent Atkins. (Crim Docs. 17, 18). Attorney Howard represented Atkins through his change of plea hearing on September 24, 2014, before moving to withdraw at Atkins's request on October 14, 2014. (Crim. Doc. 39). Howard was granted leave to withdraw on November 4, 2014, and CJA Panel Attorney Rodney Holmes was appointed to represent Atkins on November 5, 2014. (Crim. Docs. 40, 41).

Attorney Holmes represented Atkins through sentencing and filed a notice of appeal on his behalf. After his newly appointed counsel filed an *Anders* brief to which Atkins replied *pro se*, the Seventh Circuit dismissed Atkins's appeal. Atkins also collaterally attacked his sentence by filing a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *See* Case No. 17-cv-144-JPG. The motion, which included allegations of prosecutorial misconduct, ineffective assistance of counsel, and error by the Court, was denied on the merits. Atkins's conviction and sentence remain in effect.

Atkins's complaint alleges that his defense attorneys, Judith Kuenneke, Eugene

Howard, and Rodney Holmes, provided him with ineffective assistance of counsel in a number of ways, many of which were considered and rejected during the denial of his § 2255 motion. He alleges that Judge Gilbert violated his constitutional rights by failing to find his attorneys ineffective at various stages of his criminal case, by imposing an unreasonable sentence, and by allowing a witness to testify at sentencing without requiring the United States to provide advance notice. He alleges that Magistrate Judge Frazier failed to afford him with a full and fair bond hearing at the outset of his criminal case. As to Assistant U.S. Attorney Robertson, Atkins alleges that she did not respond to his compassionate release motion in a timely manner and that she failed to fully identify herself accurately when speaking to him with AFPD Kuenneke early in his criminal case. He also alleges that Court Reporter Stephanie Rennegarbe "invaded" his transcripts and left out pertinent information.

## ANALYSIS

Constitutional claims against federal officials are brought pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), the federal counterpart to claims against state officials under § 1983. *See Bush v. Lucas*, 462 U.S. 367, 374 (1983). That is, *Bivens* provides a remedy against federal officials acting under federal authority that is "conceptually identical" to claims under §1983. For that reason, courts often look to § 1983 and its "decisional gloss for guidance." *Green v. Carlson*, 581 F.2d 669, 673 (7th Cir. 1978). "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution to the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under color of state

law." *D.S. v. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015)(citing *Buchanan-Moore v. Cty. Of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

1. **Ineffective Assistance of Counsel Claims**

Atkins alleges a number of ways in which his former defense attorneys, AFPD Judith Kuenneke, Rodney Holmes, and Eugene Howard, provided him with ineffective assistance of counsel throughout the trial court proceedings. It is well-settled, however, that defense attorneys, both those who are appointed and those who are privately retained, are not state actors as required by § 1983. *See e.g.*, *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Accordingly, Atkins claims against Attorneys Kuenneke, Holmes, and Howard will be dismissed as legally frivolous.

2. **Claims Against Federal Judges**[1]

Atkins also raises issues with various rulings made and proceedings held by Senior District Judge J. Phil Gilbert and now-retired Magistrate Judge Philip M. Frazier. Federal judges are entitled to absolute judicial immunity, which confers complete immunity from suit. *See Dellenbach v. Letsinger*, 889 F.2d 755, 758 (7th Cir. 1989). "If a judge errs 'through inadvertence or otherwise, a party's remedy is through the appellate process.'" *Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005)(quoting *Lowe v.*

---

[1] This case involves complaints against Senior District Judge J. Phil Gilbert, a judicial colleague in the Southern District of Illinois, and retired Magistrate Judge Philip M. Frazier, a former judge in the Southern District of Illinois. After consulting the Code of Conduct for United States Judges, the undersigned has determined that recusal is not necessary. *See* 2B Guide to Judiciary Policy, Ch. 2, Advisory Opinion No. 103 ("In typical harassing litigation, a claim against a judge is barred by the doctrine of judicial immunity, and the complaint is subject to prompt dismissal on judicial immunity or other grounds. Review of a complaint against a judicial colleague where the litigation is patently frivolous or judicial immunity is plainly applicable will not ordinarily give rise to a reasonable basis to question the assigned judge's impartiality, and disqualification would rarely be appropriate.).

*Letsinger*, 772 F.2d 308, 311 (7th Cir. 1985)); *see also Mireles v. Waco*, 502 U.S. 9 (1991)(finding that absolute immunity extends to judges even when they act maliciously or corruptly). The acts that Atkins challenges are judicial actions that cannot be challenged through a *Bivens* action and should have been address through the appellate process. Absolute judicial immunity applies to Atkins's claims, and all claims against Judge Gilbert and Judge Frazier must be dismissed as legally frivolous.

    3. **Claims Against Prosecutor**

To the extent that Atkins brings claims against the prosecutor in his underlying criminal action for official actions taking during his prosecution and subsequent court proceedings, those claims are dismissed as legally frivolous. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)(prosecutors have absolute immunity for activities "intimately associated with the judicial phase of the criminal process"). Here, Atkins alleges an unconstitutional delay in responding to a post-conviction compassionate release motion, an activity which falls within the scope of prosecutorial immunity. Similarly, conversations with Atkins and his counsel during the judicial phase of the proceedings against him are shielded. *See also Buckley v. Fitzsimmons*, 20 F.3d 789, 795 (7th Cir. 1994)(prosecutor absolutely immune for actions as advocates even if they "present unreliable or wholly fictitious proofs"). As such, Atkins's claims against Assistant U.S. Attorney Amanda Robertson will be dismissed as legally frivolous.

    4. **Claim Against Court Reporter**

Atkins charges that Court Reporter Stephanie Rennegarbe "played a big role in the invasion of [his] transcript." (Doc. 2, p. 29). He alleges that Judge Gilbert refused to

give him the grand jury transcripts in his case, though he does not explain how that judicial action is imputed upon Ms. Rennegarbe. He also alleges Ms. Rennegarbe invaded the transcripts of his September 24, 2014 change of plea hearing. Although the minute entry for the hearing reflects that Ms. Rennegarbe was the court reporter that day (Crim. Doc. 21), Atkins alleges she was not present that day but also that the transcript of the hearing is incomplete, which he maintains was the result of her malicious actions.

It is not clear whether the alleged transcript inaccuracy violates any particular constitutional right, but, to the extent that it may, Plaintiff's claim is barred by *Ziglar v. Abbasi*, 137 S.Ct. 1843 (2017). *Ziglar* suggests that only constitutional claims previously recognized by the Supreme Court under the Fourth, Fifth, and Eighth Amendments provide valid contexts for constitutional claims against federal officers. *See id.* at 1855 citing *Bivens*, 403 U.S. at 397 (Fourth Amendment unreasonable search and seizure); *Davis v. Passman*, 442 U.S. 228 (1979)(Fifth Amendment gender discrimination); and *Carlson v. Green*, 446 U.S. 14 (1980)(Eighth Amendment deliberate indifference to medical needs). Here, the type of claim Atkins seeks to bring falls well outside the scope of these cases.

Unless "special factors" counsel otherwise, federal courts should not expand *Bivens* actions to new contexts. *Ziglar*, 137 S.Ct. at 1859-60. An inquiry of "special factors" requires a court to determine "whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Id.* at 1857-58. The *Ziglar* Court indicated that special factors to consider may include: the impact of a damages remedy on governmental operations, respecting the role of Congress in determining federal-court jurisdiction and whether

there is an alternative remedial structure present. *Id*. at 1858. Further, the Court stated that the presence of an alternative remedial structure "alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." *Id*.

Here, any inaccuracies in a transcript should be corrected through the appellate process or by seeking correction in the district court at the time the error was identified. Given the vagueness of Plaintiff's claims against Ms. Rennegarbe, the Court finds that special factors do not counsel in favor of expanding the *Bivens* remedy to claims of inaccurate transcripts, assuming such a claim raises constitutional concerns to begin with. To the extent that Atkins claim does not involve a constitutional right, it cannot be brought through a *Bivens* action. As such, Atkins's claims against Stephanie Rennegarbe will be dismissed for failure to state a claim.

5. **Claims Against the USA**

The United States is not a proper defendant in a *Bivens* action. *Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir. 2006)("A *Bivens* action may not be brought against the United States or a federal agency."). Additionally, Plaintiff makes no allegations against the United States in the body of his complaint. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). Accordingly, Atkins's claims against the United States will be dismissed as legally frivolous.

6. **All Claims are *Heck*-barred**

In *Heck v. Humphrey,* the Supreme Court held that a § 1983 action for damages is

unavailable if success on the merits necessarily would imply the invalidity of a plaintiff's conviction or sentence, unless that underlying conviction or sentence has been invalidated on direct appeal, expunged by executive order, or declared invalid on habeas review. 512 U.S. 477, 486-487 (1994). *See also McDonough v. Smith*, 139 S. Ct. 2149, 2157 (2019)(stating that "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must first "prove that his conviction had been invalidated in some way."). Here, Plaintiff alleges that his constitutional rights were violated by Defendants during the course of his criminal prosecution in the Southern District of Illinois. A finding in his favor on these claims would amount to impugning the validity of his conviction and sentence, which still stand after appellate and collateral review. As such, Plaintiffs claims are *Heck*-barred.

## Conclusion

For the above-stated reasons, Plaintiff's claims against Senior District Judge J. Phil Gilbert, retired Magistrate Judge Philip M. Frazier, Judith A. Kuenneke, Rodney H. Holmes, Amanda A. Robertson, Eugene O. Howard, and the United States of America are **DISMISSED** with prejudice as legally frivolous. Plaintiff's claims against Stephanie K. Rennegarbe are dismissed with prejudice for failure to state a claim upon which relief may be granted. Plaintiff's claims against all Defendants are further **DISMISSED** without prejudice as *Heck*-barred, rendering them legally frivolous. Therefore, this action **DISMISSED** as legally frivolous. Plaintiff is **ADVISED** that this dismissal shall count as one of this three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

The Clerk of Court shall enter judgment reflecting the dismissal of this action and shall close this case.

**SO ORDERED.**

Dated: September 30, 2021

_____
DAVID W. DUGAN
United States District Judge